MURPHY, Circuit Judge,
joined by LUCERO, Circuit Judge, dissenting from denial of rehearing en banc.
I wholly agree with Judge Briscoe that the racist statements made by two jurors during deliberations in Benally’s trial fall within the “extraneous prejudicial information” exception to Federal Rule of Evidence 606(b). Op. of Briscoe, J., dissenting from denial of rehearing en banc at 5-7. I likewise agree that the panel’s contrary conclusion raises serious questions about the constitutionality of Rule 606. Id. at 7-10. Although I harbor some doubt about Judge Briscoe’s confident assertion that the testimony at issue here falls outside the ambit of Rule 606, id. at 3-5, the issue is undoubtedly worthy of en banc review as the only other two circuits to directly address this issue have reached a conclusion contrary to that adopted by the panel and consistent with the view expressed by Judge Briscoe. Id. at 4-5 (discussing cases from Ninth and D.C. circuits); Fed. R.App. P. 35(a)(2), (b)(1)(B) (providing that circuit splits satisfy the question-of-exceptional-importance predicate to en banc review). Accordingly, but for the small caveat set out above, I join Judge Briscoe’s dissent from denial of rehearing en banc.